NEWMEYER & DILLION LLP
J. NATHAN OWENS, CBN 198546
Nathan.Owens@ndlf.com
JASON MOBERLY CARUSO, CBN 287809
Jason.Caruso@ndlf.com
895 Dove Street, Fifth Floor
Newport Beach, California  92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Non-Party
James R. Lindsey, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Handal & Associates, Inc., <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>Jonathan Bruce Sandler, <br><br>　　　　　Defendant. | CASE NO.:  2:20-mc-00007 <br><br>(United States District Court, Southern District of California, Case No. 3:18-cv-00169-L-AGS) <br><br>**NON-PARTY JAMES R. LINDSEY'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND FOR PROTECTIVE ORDER; REQUEST FOR TRANSFER** <br><br>**ORAL ARGUMENT REQUESTED** <br><br>[*Filed Concurrently with Declaration of Jason Moberly Caruso, Esq. and [Proposed] Order*] |

　　　　PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure ("FRCP"), rules 26, 45, and this Court's inherent power, non-party James R. Lindsey hereby moves the Court for an order quashing the subpoena to testify at a deposition in a civil action, served upon him by plaintiff Handal & Associates, Inc. ("H&A") in *Handal & Associates, Inc. v. Jonathan Bruce Sandler*, no. 3:18-cv-

1  00169-L-AGS (the "Federal Action"), a case pending in the Southern District of
2  California.
3      In addition, Mr. Lindsey hereby moves for a protective order delaying the
4  demanded deposition and requiring that H&A coordinate its discovery efforts in
5  that action with H&A's discovery in related case *Wymont Services Limited v.*
6  *Handal & Associates*, Orange County Superior Court case no. 30-2017-00920613
7  (the "State Court Action"), an action in which H&A has asserted affirmative
8  claims.  As to Mr. Lindsey, there is good cause to issue such an order to protect Mr.
9  Lindsey, an elderly man, from annoyance, embarrassment, oppression, and undue
10 burden and expense.  (FRCP 26(c)(1).)  A broader protective order requiring H&A
11 to eliminate duplication in its discovery efforts is also appropriate and warranted.
12     Pursuant to FRCP 45(f), Mr. Lindsey requests that this motion be transferred
13 to the issuing Court, the Southern District of California, consideration by the
14 assigned Magistrate Judge.
15     This motion is based on this notice, the following memorandum, and the
16 Declaration of Jason Moberly Caruso and all exhibits attached thereto.  This motion
17 is made following our office's repeated attempts to meet and confer with counsel
18 that issued the subject subpoena in the hopes of avoiding the instant proceeding.
19 (See Declaration of Jason Moberly Caruso, ¶¶ 10-16 & **Exhs. 3-7**.)  Our office has
20 therefore substantially complied with C.D. Cal. Local Rules 7-1 and 37-1.  Given
21 the subject deposition is set for January 30, 2020, prompt filing of the subject
22 motion is necessary.

23   Dated:   January 29, 2020        NEWMEYER & DILLION LLP

25                                      By: */s/ Jason Moberly Caruso*
26                                      J. Nathan Owens
                                     Jason Moberly Caruso
27                                      Attorneys for Non-Party
                                     James R. Lindsey, an individual
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

By this motion, Mr. Lindsey seeks this Court's assistance in preventing H&A from abusing Mr. Lindsey by subjecting him to simultaneous discovery in both the Federal Action and State Court Action. Despite the fact Mr. Lindsey is currently the subject of an open deposition **by H&A in the State Court Action**, H&A has abusively subpoenaed Mr. Lindsey for yet another deposition on the same subject in the Federal Action. H&A avoided a stay of the Federal Action based on the notion that duplicative discovery would not be conducted. (See *Handal & Associates, Inc. v. Sandler* (S.D. Cal., Sept. 18, 2019, 3:18-cv-00169-L-AGS) 2019 WL 4468095, at *3.) Nevertheless, in a show of raw gamesmanship, H&A caused Mr. Lindsey, an elderly man, to be served with the instant deposition subpoena, while H&A's principal Anton Handal initially refused to appear for his own timely and appropriately noticed deposition in the Federal Action, and has since engaged in bad faith tactics regarding the same.

By this motion, Mr. Lindsey requests the Court quash the instant subpoena and impose a protective order requiring H&A to conduct discovery as to Mr. Lindsey (and in the Federal Action generally) in concert with that conducted by H&A in the State Court so as to eliminate duplicative discovery.

## 2. RELEVANT FACTS.

Given the press of time, the following is a necessarily truncated version of the relevant facts. It is presented without prejudice to Mr. Lindsey's broader presentation of these issues, particularly as it relates to H&A's bad faith discovery tactics in the Federal Action and State Court Action. While not yet filed, Mr. Lindsey and parties affiliated with him in the State Court Action intend to file a parallel motion for protective order to address H&A's behavior in that action.

### A. Factual Summary of The Actions at Issue.

Mr. Lindsey incorporates herein by reference the procedural history of the

Federal Action and State Court Action as recounted in defendant Jonathan Sandler's memorandum in support of his motion to stay the Federal Action, as well as the documents referenced therein. (Declaration of Jason Moberly Caruso ("Caruso Decl."), **Exh. 1**, pp. 3-4.)

### B. Mr. Lindsey's Deposition in The State Court Action Remains Incomplete.

On August 23, 2019, Mr. Lindsey appeared for deposition by H&A in the State Court Action. Present were H&A's counsel in the State Court Action Frances O'Meara, as well as H&A's principal, attorney Anton H. Handal. (Caruso Decl., ¶ 3.) Mr. Lindsey's spouse has a debilitating, degenerative condition that requires Mr. Lindsey's near constant presence and attention. Nevertheless, Mr. Lindsey made significant efforts to have others available to care for his wife so that his deposition could be taken. (Caruso Decl., ¶ 4.)

Unfortunately, during the lunch hour, Mr. Lindsey was informed that his wife needed to be taken to the hospital. In an effort to accommodate H&A, Mr. Lindsey offered to be deposed for another hour; Mr. Handal and his counsel said this was unnecessary. The parties broke for the day, with the understanding the deposition would be resumed on August 26. To date, the parties have been unable to agree on a date for the continuation of Mr. Lindsey's deposition. (Caruso Decl., ¶ 5.)

Complicating such an agreement is H&A and its principal's game-playing and tactics in both the Federal Action and State Court Action, which defies full recounting here. Further, the ongoing review and production of documents by Mr. Lindsey's counsel in the State Court Action has also complicated the matter, given H&A's threats to hold party depositions open until documents are fully produced. (Caruso Decl., ¶ 6.) To date, H&A has not moved to compel the completion of Mr. Lindsey's deposition in the State Court Action. (Caruso Decl., ¶ 7.)

### C. **Nevertheless, H&A Unilaterally Issues the Instant Subpoena to Mr. Lindsey and Unreasonably Refuses to Agree to Coordinate Its Duplicative Discovery Efforts.**

On January 9, H&A purportedly caused the instant subpoena to be personally served on Mr. Lindsey at his home in Orange County. (See Caruso Decl., **Exh. 2**.) The subpoena was neither formally nor informally served on our office, and we did not know until January 20 it had even been issued. (Caruso Decl., ¶ 9.) By letter dated January 23, our office issued written correspondence objecting to the subpoena and indicating Mr. Lindsey would not be available on that day, given the logistical problems for Mr. Lindsey in securing care for his wife. (Caruso Decl., **Exh. 3**.)[1] Further, we asked that H&A reasonably coordinate its discovery efforts in the Federal Action and State Court Action, rather than unilaterally setting deposition dates and seeking to employ duplicative discovery processes. (*Ibid.*) Last, we asked that H&A's counsel provide a time to meet and confer on the subject by January 27, in accordance with the applicable Local Rules. (*Ibid.*)

Our office's eminently reasonable January 23 correspondence received a scathing and unproductive response from H&A's counsel on January 27. (Caruso Decl., **Exh. 4**.) Therein, H&A's counsel refused to coordinate its discovery efforts in the Federal Action and State Court Action and refused our reasonable efforts to schedule a coordinated date for Mr. Lindsey's deposition. (*Ibid.*) On January 28, our office issued further correspondence attempting to address H&A's scurrilous accusations. (Caruso Decl., **Exh. 5**.)

In response on that same day, H&A's counsel sent yet another email, maintaining that Mr. Lindsey was required to appear on January 30 and making in closing the following telling admission:

---

[1] Due to an internal miscommunication in our office, it was our understanding the subpoena called for Mr. Lindsey to testify at a location in San Diego. Our January 23 correspondence is incorrect in that regard. (Caruso Decl., ¶ 10.)

> In the final analysis, Mr. Handal and Handal & Associates are each entitled to discovery in the state and federal litigation respectively. **That means that Mr. Lindsey will have to sit for 7 hours of deposition testimony in the Federal action separate from the state action. We are not required to agree to coordinate the two cases or agree to limit our time for Mr. Lindsey's deposition.**

(Caruso Decl., **Exh. 6**, emphasis added.) This statement was of course directly contrary to Judge Lorenz's expectation that discovery in the Federal Action **would be conducted so as to eliminate duplication**. (*Handal & Associates, Inc. v. Sandler* (S.D. Cal., Sept. 18, 2019, 3:18-cv-00169-L-AGS) 2019 WL 4468095, at *3.)

On January 28, our office contacted the chambers of Southern District Magistrate Judge Andrew G. Schopler to see whether he would coordinate a discovery dispute teleconference to address the global issues of discovery coordination in the Federal Action and State Court Action. Judge Schopler's clerk advised that the judge was ready and willing to conduct such a conference, but that H&A's counsel consent was necessary. (Caruso Decl., ¶ 14.) Midday on January 28, we relayed this to H&A's counsel, asking for that consent. (Caruso Decl., **Exh. 7**.) As of this writing, H&A's counsel has not responded. (Caruso Decl., ¶ 16.)

## 3. ARGUMENT.

### A. Legal Standard.

This Court "must limit" any discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." (FRCP 26(b)(2)(C).)

Federal courts have held that discovery may be refused where the burden of the proposed discovery outweighs its likely benefits taking into account such factors as the needs of the case, the parties' resources, the importance of the issues

1  at stake, and the role of the proposed discovery in resolving those rules.
2  (*Cusumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir. 1998).)  Under FRCP
3  45(d)(3)(A)(iv), a subpoena must be modified if it subjects a person to undue
4  burden.  Additionally, under FRCP 26(c), for good cause shown this Court may
5  "issue an order to protect a party from annoyance, embarrassment, oppression, or
6  undue burden or expense."

7  "[D]istrict courts assessing the existence of good cause must exercise their
8  discretion in light of the relevant facts and circumstances of a particular case."
9  (*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).)  FRCP 45(c)(3)(A)
10 also authorizes the Court to quash a subpoena that "subjects a person to undue
11 burden."  Further, "[t]o protect a person subject to or affected by a subpoena, the
12 issuing court may, on motion, quash or modify the subpoena if it requires
13 disclosing a trade secret or other confidential research, development, or commercial
14 information."  (FRCP 45(c)(3)(B).)

15 **B.     <u>The Subpoena Should Be Quashed.</u>**

16 Given Mr. Lindsey is the subject of an open deposition in the State Court
17 Action noticed by H&A's counsel, it is frankly abusive that H&A issued another
18 subpoena in an attempt to subject him to yet another deposition regarding the exact
19 same issues.  "An 'abusively drawn subpoena' may be quashed because it imposes
20 an 'undue burden' on the witness."  (*Mattel Inc. v. Walking Mountain Productions,*
21 353 F.3d 792, 813 (9th Cir. 2003) [subpoena quashed because it imposed undue
22 burden without any connection to the "immediate needs of the case"].)  Here, there
23 is no legitimate reason for H&A to attempt to hale Mr. Lindsey into yet another
24 deposition, without having moved to compel or seen that process out in the State
25 Court Action.  (Caruso Decl., ¶ 5.)

26 Importantly, Mr. Lindsey is a non-party to the Federal Action.  "[T]he undue
27 burden calculus is more protective of non-parties than it is for parties."  (*Charles v.*
28 *Quality Carriers, Inc.*, No. 1:08-cv-428, 2010 WL 396356, at *1 (S.D. Ind. Jan. 28,

3511.102 / 8611073.1     - 7 -     MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND FOR PROTECTIVE ORDER

2010), citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).) H&A has scoffed at its responsibilities to "take reasonable steps to avoid imposing undue burden or expense" on Mr. Lindsey.  (FRCP 45(d)(1).)  "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure." (*Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted).)

"Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation." (*Cusumano*, 162 F.3d at 717.)  "Non-parties have a different set of expectations." (*Ibid.*) "Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." (*Ibid.*) The undue burden calculus particularly favors Mr. Lindsey in that he is a non-party to the Federal Action, and a party to the State Court Action.

In light of the foregoing, this Court should quash the instant subpoena.  H&A is by no means without a mechanism to obtain discovery from Mr. Lindsey: rather, it can complete Mr. Lindsey's deposition in the State Court Action.

### C.  **If the Subpoena Is Not Quashed, A Protective Order Should Issue Requiring H&A to Coordinate Its Discovery as Mr. Lindsey (and Generally) in the Federal Action and State Court Actions.**

If the instant subpoena is not quashed outright, this Court should issue a protective order requiring H&A to coordinate its discovery as to Mr. Lindsey in the Federal Action and State Court Action.  Specifically, this Court should order H&A to desist from seeking duplicative discovery from Mr. Lindsey in either action. This is fully consistent with Judge Lorenz's expectations when he permitted the Federal Action to proceed.  (*Handal & Associates, Inc. v. Sandler* (S.D. Cal., Sept. 18, 2019, 3:18-cv-00169-L-AGS) 2019 WL 4468095, at *3.)  H&A cannot be permitted to benefit from avoiding a stay of the Federal Action premised on

eliminating duplication of discovery, and H&A cannot be permitted to weaponize parallel discovery to its advantage. A protective order as to Mr. Lindsey is therefore appropriate and warranted.

Further, this Court should order H&A more broadly to coordinate its discovery efforts in the Federal Action and State Court Action so as to eliminate duplicative discovery. Discovery coordination among related actions is routinely implemented. (See *Dusky v. Bellasaire Investments* (C.D. Cal. Dec. 4, 2007, SACV07-874-DOC-ANx) 2007 WL 4403985, at *5-6 ["coordinated discovery will allow the parties to make and respond to fewer discovery requests"].) Given the Federal Action and State Court Action undisputedly arise from the same transactions and fundamental facts, and given the fact witnesses and documentary evidence at issue in those actions are identical, H&A's discovery as to these sources should be coordinated. This is a broader issue requiring the input of counsel for defendant in the Federal Action. All rights are therefore reserved to expand upon the reasons why a protective order coordinating discovery is warranted at oral argument or in telephonic proceedings before the Magistrate Judge in the Federal Action.

## 4. THIS MOTION SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA, THE DISTRICT WHERE THE SUBPOENA ISSUED AND THE FEDERAL ACTION IS PENDING.

A motion to quash under FRCP 45 should be brought in the district where the subpoena issued or the deposition was to take place. (FRCP 26(c), 45(c)(3)(A).) With the consent of the person to whom the discovery process was directed, this Court may transfer this motion to the district where the underlying action is pending. (See FRCP 45(f); see also Committee Notes to Rule 45(f).) Mr. Lindsey therefore respectfully requests that this Court transfer this motion to the Southern District of California to be considered by Magistrate Judge Andrew G. Schopler, consistent with the Southern District Local Rule 26.1(e).

## 5. CONCLUSION.

For the foregoing reasons, Mr. Lindsey respectfully asks this Court to quash H&A's deposition subpoena to Mr. Lindsey. Should the subpoena not be quashed outright, Mr. Lindsey requests that a protective order be issued barring H&A from attempting to seek duplicative discovery from him. Further, an overarching protective order requiring H&A to coordinate its discovery in the Federal Action and State Court Action is appropriate and warranted. Lastly, Mr. Lindsey requests that this motion be transferred to the Southern District for consideration by the assigned magistrate judge in the Federal Action.

Dated: January 29, 2020         NEWMEYER & DILLION LLP


By: */s/ Jason Moberly Caruso*
J. Nathan Owens
Jason Moberly Caruso
Attorneys for Non-Party
James R. Lindsey, an individual